MEMORANDUM **
Appellant Fernando Aburto-Castellanos (“Appellant”) was convicted of conspiracy to bribe a public official; aiding and abetting; and payment of a gratuity to a public official.[1]
Appellant contends that the district court erred in not concluding he was entrapped as a matter of law. He also contends that the prosecution failed to comply with its disclosure obligations under Brady v. Maryland[2] and that therefore his conviction should be overturned or, alternatively, he should be granted a new trial.
We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Entrapment
Before the district court and again in the present appeal, Appellant contends *15 that he was entrapped as a matter of law.[3] We review de novo whether Appellant established his entrapment defense. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc). There are two elements to entrapment: government inducement and the absence of any predisposition by the defendant to commit the offense. United States v. Garza-Juarez, 992 F.2d 896, 908 (9th Cir.1993).
Appellant raises a novel argument of inducement: that the Government’s failure to investigate quickly enough his claims of conniption in the vehicle export office impaired his ability to compete in the market and thereby drove him to bribe public officials.
Contrary to Appellant’s position, the indirect economic pressure resulting from the claimed corruption and the Government’s failure to stop the corruption immediately do not constitute cognizable “inducement.”[4] The “entrapment defense is only available to defendants who were directly induced by government agents.” United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987) (emphasis added).
Accordingly, Appellant failed to show that he was entrapped as a matter of law.
The Brady Issues
As a separate ground for appeal, Appellant contends that the district court erred by not requiring the government to disclose materials he requested pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, Appellant contends that Brady was violated because the district court failed to order the disclosure of four[5] types of evidence: (1) investigations targeting Carlos Felix;[6] (2) prior bribery investigations of the vehicle export office; (3) prior investigations in which Inspector Torres participated; and (4) information identifying “Juan,” an individual who provided information to Inspector Torres during the undercover investigation. We review de novo the district court’s rulings on Brady requests and disclosures. United States v. Woodley, 9 F.3d 774, 777 (9th Cir.1993).
In order to qualify as a Brady violation justifying the reversal of a conviction or a new trial, the evidence not disclosed: (1) must be favorable to the accused; (2) must have been suppressed by the government; and (3) the non-disclosure must have prejudiced the defendant. United States v. Si, 343 F.3d 1116, 1122 (9th Cir.2003). Prejudice occurs only when the evidence withheld is material such that “there is a reasonable possibility that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” Id. (internal quotation marks omitted).
*16 Here, there was no Brady violation because Appellant cannot show that any of the requested evidence was material to his defense or that he was prejudiced by its non-disclosure. On appeal, he argues that all four categories of evidence would have supported his entrapment theory by demonstrating that the entire vehicle export office was corrupt and therefore he had no choice but to pay bribes. Even if all. of the requested evidence was exactly as Appellant hoped, he still could not show that the government induced him to commit bribery because, as discussed above, the government’s failure to stop the alleged corruption of the vehicle export office is not cognizable inducement.
Accordingly, the district court did not err and Appellant’s conviction is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties are familiar with the facts so we do not discuss them in detail here.

. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. In the alternative, Appellant argues that he is entitled to a new trial because the Government failed to show beyond a reasonable doubt that he was not entrapped.

. Appellant's theory appears most analogous to an “economic coercion" defense to bribery. The Ninth Circuit does not recognize this defense and actually has criticized it. See United States v. Lee, 846 F.2d 531, 535 n. 1 (9th Cir.1988) (noting that “[sjeveral circuits have rejected the argument that economic coercion is a defense" to bribery and that “a plain reading of 18 U.S.C. § 201(b)(1)(A) and surrounding subsections casts doubt on [this] economic coercion theory"). Thus, to the degree that Appellant's contention is really an argument that he was economically coerced to pay bribes, his argument fails.

. Appellant initially sought review with regard to seven types of evidence. In his Reply, however, Appellant conceded that there had been no Brady violation with regard to three categories of evidence he had raised on appeal originally.

. Carlos Felix was a customs official-working at the Nogales, Arizona, office who was' a target of the undercover bribery investigation at issue.